# UNITED STATES
### *v.*
# ANDREW DUNLAP.

---

# UNITED STATES
### *v.*
# ROBERT GILES.

---

NOLLE PROSEQUI BY DISTRICT ATTORNEY.

1. The court should grant a motion to *nolle* an indictment, made by the prosecuting attorney who is charged with the duty to prosecute, unless it has some knowledge that the motion is based upon improper motives.

2. The Secretary of the Treasury has power by law to remit a penalty incurred by the nonpayment of a custom duty, and to direct the prosecution therefor dismissed. The solicitor of the Treasury may, in cases like these, instruct the district attorney what he is to do.

December 1, 1903.

---

*Mr. N. B. K. Pettingill* for the plaintiff.

*Messrs. Dexter & Hord* and *Savage* for the defendants.

HOLT, Judge, delivered the following opinion:

These indictments are for receiving smuggled goods.

The district attorney has in each case filed a *nolle prosequi*, thereby declaring he will proceed no further with them, for

United States v. Dunlap.

reasons therein given, and now moves to dismiss them. In the absence of a United States statute it seems he has the right to do so. He is a sworn officer of the government, charged by law with the duty of conducting its cases. He is presumed to know all about them, while the court does not; and it is properly a part of his sworn public responsibility to say if an indictment shall be prosecuted. It cannot well be done properly if he feels it his duty to abandon it. Certainly a court should sustain his motion to dismiss unless it has some knowledge that it is based upon an improper reason or a corrupt motive. If this court had such information, it would most assuredly take the authority and refuse the motion, and do the best it could, though proceeding under difficulties and without the aid of the district attorney, to have the cases prosecuted.

The court has, however, no such information, and is satisfied the district attorney is acting in the conscientious discharge of his duty. He is, in fact, acting under instructions from the Attorney General of the United States, the highest executive law-officer of the government, who, under § 362 of the United States Revised Statutes (U. S. Comp. Stat. 1901, p. 208), exercises general supervision over the United States district attorneys as to the manner of discharging their duties.

There has been much public comment as to the conduct of these and some kindred cases, popularly known here as the "Smuggling Cases." It has come to the ear of the court that because the defendants in these cases are, perhaps, influential persons, the law is not being enforced against them, but vigorously applied to others who are weak in influence. This is a mistake. The course pursued by the government has not been violative of that equality before the law which is preeminently an American doctrine.

These cases are for violations of the United States customs

United States v. Dunlap.

laws. The United States statute gives the power to the Secretary of the Treasury to remit a penalty incurred by the nonpayment of a duty, and to direct any prosecution dismissed that may have been begun. He may do so under the acts of Congress of June 22d, 1874, and February 27th, 1877. The solicitor of the Treasury is by law to exercise a general supervision over the prosecutions of persons charged with frauds upon the revenue, and can instruct a district attorney as to what he is to do. Sections 376 and 379 of the United States Revised Statutes (U. S. Comp. Stat. 1901, pp. 212, 213) so provide. Thus these violations of law are brought, by the law itself, under the control of the Treasury Department and the Department of Justice of the United States government.

It is quite common, as I understand, in case of the unlawful importation of articles at any of the ports of entry of the United States for personal use, and not for sale or profit, to settle with the party by the payment of the evaded duty and the imposition of certain fines without a prosecution. This practice is adopted as to all alike, and without regard to their nationality. This, I am informed, was done in these cases under the authority of the Treasury Department. In any event it is to be presumed, a dismissal having been directed.

A dismissal of these cases is, therefore, not in violation of, but in conformity with, law. There have never been but two convictions for this offense in this court. In one case the defendant, a Porto Rican, pleaded guilty, and was sentenced to but sixty days in jail. In the other, the defendant had concealed under his house, and evidently intended for sale and profit, a considerable quantity of foreign liquors imported in violation of law. He was convicted by a jury made up in part of Porto Ricans, and sentenced to one year's confinement.

The motion of the district attorney is sustained and these cases are dismissed.